WELLMAN and Others *v.* HICKSON.

A grant of land, except as a release, is void as an act of maintenance, if at the time the lands are in the actual possession of another person claiming under a title adverse to that of the grantor.

ERROR to the *Boone* Circuit Court.

BLACKFORD, J.—*Wesley Hickson* filed a bill in chancery against *Robert Wellman, Matthew* and *Ingraham Little,* and the president and directors of the *Madison* and *Indianapolis* railroad company. The object of the bill was to have certain conveyances of real estate set aside, which had been executed by said *Wellman* to said *Littles,* and by the latter to said president and directors. The bill was taken as confessed against *Wellman.* The other defendants answered. The Circuit Court rendered a decree, setting aside said conveyances, and vesting the fee simple of the land in the complainant, &c.

The following are the facts:

*Robert Wellman,* one of the defendants, purchased the land in dispute from the United States in 1833, and paid for the same. He received from the land office, at the time of the purchase, a certificate of the purchase. In 1834, *Wellman* conveyed the land, by a warranty-deed, to *Smith Caster.* In *April,* 1835, a patent from the United States to *Wellman* was issued for the land. In *August,* 1835, *Caster* conveyed the land, by warranty-deed, to the complainant. In the fall of 1835, the complainant entered into possession of the land thus conveyed to him, and has resided upon it ever since, having made valuable improvements thereon. He claimed to be the owner of the land. In *August,* 1839, *Wellman* conveyed the land, by warranty-deed, to said *Matthew* and *Ingraham Little,* and the *Littles* conveyed the same afterwards, to the president and directors of said railroad company. The deed from *Wellman* to *Caster* was recorded, but not in time, and not until after the deed from *Wellman* to the *Littles* was recorded. The deed from *Caster* to the com-

plainant was recorded in *December*, 1836. The time when the deed to said president and directors was executed does not appear.

We are of opinion that, upon the facts, the complainant is entitled to a decree. The complainant's possession, under his conveyance from *Caster*, was adverse to the title, whatever it might be, of *Wellman* when he conveyed to the *Littles*, and of the latter when they conveyed to said president and directors. The circumstance that *Caster* held under a conveyance from *Wellman* can make no difference; for had the complainant's possession been under an unrecorded conveyance from *Wellman*, his possession would not have been, on that account, the less adverse to *Wellman's* title. In such cases, there is no tenancy; but, on the contrary, the grantee's possession is hostile to any title which the grantor may afterwards set up to the land conveyed. *Sumner* v. *Stevens*, 6 Metcalfe, 337. According to the common law, which, on the subject, is in force here, every grant of land, except as a release, is void as an act of maintenance, if, at the time, the lands are in the actual possession of another person, claiming under a title adverse to that of the grantor. 4 Kent, 446. It follows that the conveyances now before us, which were executed during the complainant's adverse possession, namely, the conveyance from *Wellman* to the *Littles*, and that from the latter to the said president and directors, are void as respects the complainant, and were rightly set aside by the Circuit Court. But that part of the decree which vests the fee simple of the land in the complainant is erroneous.

*Per Curiam.*—The decree, so far as it sets aside the conveyance to *Matthew* and *Ingraham Little*, and that to the president and directors of the *Madison* and *Indianapolis* railroad company, and so far as it is for costs, is affirmed. The residue of the decree is reversed. No costs here.

*H. Brown* and *A. G. Porter*, for the plaintiffs.
*H. O'Neil*, for the defendant.